IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DUNKIN' DONUTS, INC., BASKIN-
ROBBINS USA CO., TOGO'S
EATERIES, INC.,

   Plaintiffs,

v.

PLEASANT HILL COFFEE & DONUTS,
INC., SANDY CANTON, INC., DBT,
INC., ALPHA D&I, INC., ATHENS
COMBO, INC., MOHMEDALI KASSAM,
ABDUL JIVANI, ABDUL PANJWANI,
NOORANI PANJWANI, and
WAZIR A. KAISANI,

   Defendants.

CIVIL ACTION NO.

1:05-CV-1178-JEC

### ORDER

This case is before the Court on plaintiffs Dunkin' Donuts and Baskin--Robbins' Motion for Preliminary Injunction [3] and plaintiffs' Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction [25]. As to plaintiffs' Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction [25], the Court **GRANTS** plaintiff's motion to file this supplemental pleading.[1]

As to plaintiffs' Motion for Preliminary Injunction, the parties

---

[1] In fact, the plaintiff's pleading was not a motion at all, although so docketed, but merely a supplemental brief that plaintiff had filed after preliminary discovery had concluded. At any rate, the Court approves its filing.

have conducted discovery concerning that motion and plaintiffs have now filed a Supplemental Brief which reflects the results of that discovery. This Supplemental Brief, as well as the original motion filed by plaintiffs, indicates that the defendants were franchisees of plaintiffs who were operating at several locations. Pursuant to the terms of the agreement, there were strict limitations about the ownership of the franchise and, particularly, limitations preventing the defendants from transferring their ownership to other persons, without the written consent of the plaintiffs.

According to the Supplemental Brief, plaintiffs appear to have established, through their discovery, that the defendants have violated those transfer provisions, at least as to certain of the locations.[2] This motion suggests that defendants effectively became the franchisors of their own locations by surreptitiously selling interests in those businesses to persons whom the plaintiffs had not approved. Plaintiffs argue persuasively that these acts are sufficient to warrant the termination of the franchises.[3]

---

[2] Plaintiffs also argue that, pursuant to the parties' agreements, a violation of the transfer provision at one location would allow the plaintiffs to void defendants franchise agreements as to other locations.

[3] Plaintiffs have already terminated the franchises and they now seek for this Court to enforce that termination through an order that, among other things, would effectively require the defendants to cease using any of plaintiffs' marks in any business endeavor that they might pursue.

2

Plaintiffs' argument is rendered more persuasive by the fact that the defendants do not even attempt, in their own Response [26], to counter the factual assertions in plaintiffs' Supplemental Brief. Instead, defendants simply argue that plaintiffs have not shown any irreparable harm to justify the termination of defendants' franchises as a result of any contractual breach.

Thus, on the record before the Court, it appears that the plaintiffs have shown a strong likelihood of success. On the other hand, defendants correctly note that there is no irreparable injury to plaintiffs for the litigation to proceed in a normal fashion. Indeed, in the past, this Court has issued preliminary injunctions where a defaulting franchisee was not paying his monthly franchise fees or was operating his business in violation of health codes or in a manner that was detrimental to the reputation of the franchisor. The Court has not, however, typically granted a preliminary injunction where there was no harm alleged beyond the fact that the franchisee had defaulted on his contractual obligations.

For the following reasons, the Court **DENIES** plaintiffs' Motion for Preliminary Injunction. The plaintiffs have shown a strong likelihood of success, certainly as to some locations and perhaps, as to all locations, if there is no impediment to enforcement of the contractual provision allowing the plaintiffs to void all contracts

with a given franchisee upon a specified default at one location.[4] Nevertheless, ousting the defendants is likely an irreversible action that will have a tremendous impact on their financial resources. Accordingly, it is important that the Court take a studied look at the matter. Moreover, as the issues involve potentially confusing factual questions concerning the shifting ownership of defendants' franchises, precision is important, not just for purposes of making the initial decision, but also to craft an order than can be readily reviewed, and affirmed, by the appellate court.

Therefore, the Court prefers to make a decision on preliminary and permanent injunctive relief at the same time. Assuming that all discovery has been taken on questions involving the propriety of terminating the defendants' contractual relationship with the plaintiffs, the most efficient and expeditious way to reach that result would be for the plaintiffs to draft a summary judgment-like motion, setting out, with specific references to depositions or other evidence, the basis for a conclusion that the defendants have breached the agreement as to a particular location. This motion can also set out the basis for terminating the defendants as to all locations, based on the cross provision in the agreement that permits this result upon a breach in one location.

---

[4] Again, the silence of the defendants in countering plaintiffs' substantive arguments and factual averments is quite significant.

Set out in this way, such a motion can be more easily converted to an Order that would serve as an adequate basis for permanent injunctive relief, if such is indeed appropriate. Moreover, to the extent that there may be a disputed issue of fact on any matter, the plaintiffs' motion should identify that fact, as well as a proffer of the evidence or inference based on existing evidence that the plaintiffs advocate. The Court can then set down a limited hearing at which it addresses only the presumably few facts that will remain in dispute.

Defendants' response should respond to the above. To the extent that defendants seek a hearing on a particular point, the defendants should indicate the precise point on which there is a dispute and should proffer the evidence that the defendants would offer at any hearing.

Plaintiffs shall file this motion within **thirty (30) days**; defendants shall respond within **twenty (20) days** thereafter. Upon resolution of this matter and entry of an Order, the parties and Court can proceed to whatever litigation might be appropriate concerning damages, if appropriate, or the defendants' counterclaims.

For the above reasons, the Court **DENIES** plaintiffs' Motion for Preliminary Injunction [3], without prejudice to the right to seek a permanent injunction, and **GRANTS** plaintiffs' Supplemental Brief in

5

Support of Plaintiff's Motion for Preliminary Injunction [25].[5]

SO ORDERED, this __8__ day of March, 2006.

                                              _/s/ Julie Carnes_
                                              JULIE E. CARNES
                                              UNITED STATES DISTRICT JUDGE

---

[5] See n.1.